982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
James HUTCHINS, Appellant.
 No. 92-1424.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 16, 1992.
Filed: December 22, 1992.
 
 Before WOLLMAN, MORRIS SHEPPARD ARNOLD, Circuit Judges, and BATTEY,* District Judge.
 PER CURIAM.
 
 
 1
 James Hutchins appeals the seventy-eight-month prison sentence imposed on him by the district court[1] following his guilty plea to a drug offense. He argues the district court erred in denying him a minor-participant sentencing reduction under U.S.S.G. § 3B1.2(b). We affirm.
 
 
 2
 Hutchins and twenty-one other individuals were charged in a multi-count indictment. All defendants were charged with conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine. Hutchins was also charged with attempting to possess with intent to distribute 500 grams or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), 846. Pursuant to a plea agreement included in the parties' "Stipulation of Facts Relevant to Sentencing," Hutchins pleaded guilty to the attempt charge and the conspiracy charge was dismissed. The parties agreed that Hutchins "solely and exclusively" attempted to possess with intent to distribute four kilograms of powder cocaine, and that:
 
 
 3
 [N]o other criminal conduct is otherwise accountable nor readily provable as relevant conduct against the Defendant nor was there other relevant conduct beyond said four kilograms (4Ks) of powder cocaine within the scope of Defendant's agreement nor reasonably forseeable [sic] in connection with Defendant's actual and stated criminal activity.
 
 
 4
 The parties further agreed that Hutchins's base offense level was 30-based only upon four kilograms of cocaine, see U.S.S.G. § 2D1. 1(c)(7)-and that he should be given a two-level reduction for acceptance of responsibility. Accordingly, the presentence report (PSR) set Hutchins's total offense level at 28. Hutchins was not given a reduction for a minor role in the offense. Hutchins objected to the failure to grant him a reduction in his offense level for being a minor participant, but the district court overruled the objection.
 
 
 5
 Hutchins argues that, because the parties stipulated that he was not aware of nor did he foresee the scope of the conspiracy or the quantity of drugs involved, the district court erred in denying him a two-level sentencing reduction for being a minor participant in the conspiracy.
 
 
 6
 We will not overturn a district court's denial of a sentencing reduction for being a minor participant in the offense unless it is clearly erroneous. United States v. Westerman, 973 F.2d 1422, 1428 (8th Cir. 1992). The determination of a defendant's role in the offense is properly made on the basis of his role in the offense of conviction and on the basis of his role in all relevant conduct included for sentencing purposes under U.S.S.G. § 1B1.3(a)(1)-(4). U.S.S.G. Ch. 3, Pt. B, intro. comment.; Westerman, 973 F.2d at 1427. The district court sentenced Hutchins in accordance with the parties' stipulation and included no relevant conduct in calculating his base offense level. The district court, therefore, was required to consider only Hutchins's role in the offense of conviction in determining whether he was entitled to a sentencing reduction. Because the parties' stipulation of facts indicated that Hutchins "solely and exclusively" attempted to sell the four kilograms of cocaine to the undercover officer, we conclude the district court did not clearly err in denying Hutchins the sentencing reduction.
 
 
 7
 Accordingly, we affirm.
 
 
 
 *
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri